UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYISA GAMACHU DANGIA,<br><br>                                    Petitioner,<br><br>v.<br><br>SIXTO   MARRERO,   Warden,   Imperial Regional Detention Facility, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-01810-RBM-MSB<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Fayisa Gamachu Dangia's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons below, the Petition is **GRANTED in part**.

## I.      BACKGROUND

### A.      Factual Background

Petitioner is a citizen of Ethiopia who entered the United States on or about October 9, 2024 to seek asylum.  (Doc. 1 ¶¶ 21–22.)  Petitioner was thereafter issued a Notice to Appear, which initiated removal proceedings against him in immigration court. (*Id.* ¶¶ 22–25.)  Petitioner's individual merits hearing was initially set for October 21, 2025, but due to a number of delays alleged to be the fault of Respondents, Petitioner was not ordered removed until December 29, 2025.  (*Id.* ¶¶ 26–31.)  Petitioner timely filed an appeal of the immigration court's order on January 13, 2026.  (*Id.* ¶ 32.)  That appeal is still pending, and the Board of Immigration Appeals has not yet set a briefing schedule.  (*Id.* ¶ 33.) Petitioner has not received a bond hearing in the 16 months since being detained. (*Id.* ¶ 35.)

Petitioner filed his Petition on March 23, 2026.  (Doc. 1.)  The Court set a briefing schedule on April 7, 2026.  (Doc. 3.)  On April 8, 2026, Respondents filed their Response to Petition ("Response") (Doc. 4) and Petitioner filed his Traverse in Support of Petition for Writ of Habeas Corpus ("Reply") (Doc. 5).

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner argues that his detention has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause (Doc. 1 ¶¶ 72–93.)  He also argues that, although a bond hearing ordinarily would be the remedy for such a violation, "due process cannot be safeguarded in a hearing before an immigration judge, as immigration[ ] courts are currently constituted and operating;" therefore, the Court should either order immediate release, set additional procedural safeguards for a bond hearing, or hold the bond hearing itself.  (*Id.* ¶¶ 94–99.)  Respondents "acknowledge[ ] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and "concede[ ] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight."  (Doc. 4 at 2 (citations omitted).)

/ / /

3:26-cv-01810-RBM-MSB

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g., Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at \*2–4 (S.D. Cal. Jan. 27, 2026). In *Hussain*, the Court "join[ed] the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process," and that the circumstances of the case demonstrated that the petitioner's detention had become unreasonably prolonged. *Id.* The Court incorporates its reasoning from *Hussain* and makes the same findings here. Indeed, Petitioner's argument is even stronger given that he has been detained for over 16 months. (Doc. 1 ¶ 35.) Therefore, and in light of Respondents' concession, the Court **GRANTS** the Petition to the extent it requests a bond hearing.

The Court **DENIES** the Petition to the extent it seeks Petitioner's immediate release or a bond hearing conducted by this Court. Petitioner argues that the Court should order immediate release because an immigration judge will not be a neutral decisionmaker. (Doc. 1 ¶¶ 94–99.) In support, Petitioner cites to: (1) public reports indicating that bond hearings are "stacked against detainees from the start;" (2) other district courts noting "a pattern of immigration judges resisting or disregarding habeas orders;" (3) reports from former immigration judges; (4) policy memoranda from the Executive Office of Immigration Review "encourag[ing] immigration judges to be non-neutral; and (5) a declaration from a local immigration attorney in another case attesting to a pattern of immigration judges resisting habeas orders. (Doc. 5 at 2–4.)

The Court "declines to address the issues raised by Petitioner regarding the neutrality of immigration courts generally." *Sandesh v. LaRose*, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at \*5 (S.D. Cal. Mar. 5, 2026). "It is axiomatic that the IJ must apply the proper legal standard to effectuate this Court's order for a bond hearing." *Id.* That proper legal standard is set forth in the Conclusion and footnote 1, below. Furthermore, "[d]istrict courts are better positioned to review the implementation of their orders in cases such as this after the bond hearing has occurred, so that the complete record in the case may be fairly evaluated." *Id.* (citing *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1126

3

(S.D. Cal. 2008)).

## IV.    CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED in part**.  The Petition is **DENIED** to the extent it seeks immediate release.  Accordingly:

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **ten (10) days** of entry of this Order to determine whether his continued detention is warranted.

2. Respondents **SHALL BEAR** the burden of establishing, by clear and convincing evidence,[1] that Petitioner poses a danger to the community or a risk of flight.  If no hearing occurs **within ten (10) days** of entry of this Order, Petitioner shall be released from Respondents' custody.

3. On or before **April 30, 2026**, Respondents **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.

4. Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

**IT IS SO ORDERED**.

DATE:  April 9, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

3:26-cv-01810-RBM-MSB